WORKERS' EDUCATIONAL ASSOCIATION *v.* RENNER.

1. CORPORATIONS—REQUIREMENTS AS TO OFFICERS AND MEMBERS—STATUTORY REGULATIONS.

In the absence of statutory regulation, a corporation organized not for pecuniary profit may make any reasonable regulation respecting the qualifications of its officers and members.

2. SAME—RESTRICTIONS CONTRARY TO STATUTE VOID.

Where the only restrictions respecting the qualifications of officers and members of corporations organized not for profit under Act No. 171, Pub. Acts 1903 (2 Comp. Laws 1915, § 9054 *et seq.*), permissible under section 2 of said act, were limited to requiring membership in good standing in any fraternal, religious, or beneficiary order, a provision in the by-laws of a corporation organized under said act restricting the membership of its board of directors and the active membership of its society to those who were members of the Socialist party, a political party, is void.

Appeal from Wayne; Wiest (Howard), J., presiding. Submitted October 5, 1921. (Docket No. 4.) Decided June 5, 1922.

For authorities passing on the question of charter restrictions on eligibility to become a shareholder in a corporation, see note in 46 L. R. A. 618.

Bill by the Workers' Educational Association against Albert Renner and others for an injunction.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*Lazarus S. Davidow* (*Seymour Stedman,* of counsel), for plaintiff.

*James H. Pound,* for defendants.

CLARK, J.   Plaintiff was organized in April, 1918, under Act No. 171, Pub. Acts 1903 (2 Comp. Laws 1915, § 9054 *et seq.*), relating to the incorporation of associations not for pecuniary profit.   The part of the act here important:

"SECTION 2.   The certificate may also contain any desired provisions prescribing the qualifications of officers and members whereby they may be required to be members in good standing of any fraternal, religious or beneficiary order or society, which provisions shall be binding upon the members and officers."   *   *   *

Plaintiff's articles provided:

"The purpose or purposes for which it is formed are as follows:   To promote the social, intellectual and economic welfare of its members, and all workers; to provide for their educational enhancement by means of lectures, entertainments, and other similar functions; to maintain a library, and to provide a hall for the carrying on of such objects.   *   *   *   The qualifications required of the officers and members are as follows:   All trustees and officers must have been admitted to membership in this corporation, as provided in the by-laws thereof, and must have been good standing members of the Socialist party of America for three years, and good standing members of the Socialist party, local, Wayne county, Michigan, for six months."

And the following from the by-laws:

"There shall be two classes of members in this cor-

poration: Active members, and associate members. Any person shall be eligible to active membership who, at the time of his admission, shall have been a member of the Socialist party of America for one year, and a member of the Socialist party of Wayne county for six months immediately preceding such application. Any person shall be eligible to associate membership in this corporation. Associate members shall have all the rights and privileges accorded to active members, except that they shall have no vote in the affairs of this corporation. An active member who shall cease to be a member in good standing of the Socialist party of America, or of the Socialist party of Wayne county shall automatically lose his membership in this corporation, and shall become an associate member.

"The management of this corporation shall be vested in a board of directors of fifteen members who shall serve for a period of two years, or until their successors shall have qualified. Only those shall be eligible for membership on the board of directors who shall be, at the time of their nomination, active members of this corporation, and who shall have been at the time of their election, members of the Socialist party of America for a period of at least three years immediately preceding their election.

"The board of directors shall elect from its own members the officers of this corporation, who shall be a president, a vice-president, a secretary, and a treasurer, and who shall serve during the pleasure of the board of directors."

The Socialist party of Michigan, in a State convention, made a declaration of principles which, in May, 1919, resulted in the expulsion of all Michigan Socialists from the Socialist party of America. Automatically thereby all members of plaintiff lost their standing as active members and the right to hold office therein, if the articles and by-laws above quoted were valid.

The corporation continued to function as before. Its members in the main joined other political parties, principally the Proletarian. Some, a mere handful of the membership, were reinstated in the Socialist

party and they met, named certain of their number as officers of the plaintiff, denied that the then acting directors and officers of the corporation and the acting members, none of whom were affiliated with the Socialist party, had any right whatever to control and manage the affairs of the corporation, and demanded of them possession of the real estate of plaintiff, a building known as the House of the Masses, and of the records, equipment, funds and other property of plaintiff. They were refused and then launched this suit, claiming that they alone were the qualified officers and members of plaintiff; that defendants, the acting officers and directors and members, were not in fact such, but were all disqualified, seeking to enjoin defendants from paying out any of the funds of plaintiff, from interfering with the regular and lawful conduct of plaintiff's affairs and the possession of its property, and from assuming to control and possess plaintiff's property and affairs, and praying that plaintiff's property be restored to it, and that they, the Socialist wing, be decreed to be its officers and members. After answer and hearing the bill was dismissed. Plaintiff has appealed.

Of the several questions suggested in the briefs and by a carefully prepared opinion of the trial judge, we consider one. The articles and by-laws restricting the membership of the board of directors and the active membership of the society to those who were members of the Socialist party are void. Had the statute said nothing respecting qualifications of officers and members, the corporation might have made any reasonable regulation upon the subject. But if the statute is to have any effect, it must be that of limiting and restricting the provisions prescribing the qualifications of officers and members to those named in the statute, namely, "members in good standing in any fraternal, religious or beneficiary order or so-

ciety." The Socialist party is none of these. It is a political party. It says of itself:

"The Socialist party of the United States is the political expression, of the interests of the workers in this country, and is a part of the international working class movement."

Having chosen a restriction contrary to the statute under which the corporation was organized, the result is as though no restriction had been made. So the contention that the Socialists alone are qualified members, and hence that the persons named by them alone are the officers of plaintiff, cannot be sustained. See 3 Am. & Eng. Enc. Law (2d Ed.), p. 1078; 1 Bacon Ben. Soc. (3d Ed.) p. 162; 18 L. R. A. 583; 46 L. R. A. 618; *Allnutt* v. *Subsidiary High Court, A. O. F.,* 62 Mich. 110.

Whether a charter or by-law may compel a member of a corporation, under penalty of expulsion, to give up the free exercise of his right of suffrage and political affiliation is a question we need not discuss. See 14 A. L. R. 1446.

As to the relief afforded defendants, the decree is affirmed.

FELLOWS, C. J., and BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, J., did not sit.

The late Justice STONE took no part in this decision.